UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 2:15-cr-72 |
| | ) | |
| PETER SALINAS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION & ORDER

Defendant Peter Salinas has moved for review of a detention order entered by Magistrate Judge Andrew Rodovich on August 3, 2016. (DE 356.) He is charged in the second superseding indictment with conspiracy to participate in a racketeering activity in violation of 18 U.S.C. § 1962(d) and conspiracy to possess with intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 846. I held a hearing on the motion, reviewed the indictment and the pretrial services bond report and listened to an audio recording of the original detention hearing. The parties then proffered additional information to me at the hearing. This order sets out and supplements the findings of fact and rulings I made on the record at the hearing before denying the motion.

Salinas is charged with two offenses that have a maximum penalty of life imprisonment. As a result, there is a rebuttable presumption that he poses a danger to the community and a flight risk and, therefore, should be detained. *See* 18 U.S.C. § 3142(e)(3)(A). At the hearing on the instant motion, the government conceded that Salinas is not a flight risk, so he must present sufficient evidence to rebut the

presumption that he is a danger to the community. He has failed to do that.

Section 3142(g) sets out four factors to consider in deciding whether there are conditions that would ensure the community's safety or whether a defendant instead must be detained. 18 U.S.C. 3142(g). Although Salinas argued in his motion "none of the four factors weigh[] heavily against him[,]" he marshaled little or no evidence in his papers or in court that any of these factors weigh in favor of release. (*See* DE 387 at 3.)

The first factor is the nature and circumstances of the offense Salinas is charged with committing, including whether it is a crime of violence or involves narcotics. *See* 18 U.S.C. § 3142(g)(1). Salinas is charged with a conspiracy to participate in a racketeering activity, namely the Latin Kings nation, which has a long history of violence and narcotics activity. In addition, he is charged with conspiracy to distribute cocaine and marijuana, so the first factor weighs in favor of detention.

The second factor is the weight of the government's evidence against Salinas. 18 U.S.C. § 3142(g)(2). The government proffered that at least four witnesses would testify that Salinas was a regional "enforcer" and a relatively high ranking member of the Latin Kings street gang. The government proffered evidence that, in his leadership role, Salinas ordered lower level gang members to mete out "violations" or physical beatings to gang members who had broken gang rules and that Salinas personally supervised those beatings. Salinas has pointed to no evidence that would rebut the government's evidence, and he even admits that he is a Latin King member and was an enforcer for a period of time earlier this year. While the four witnesses relied upon by

2

the government are cooperating codefendants who plainly have an interest in currying favor with the government, the fact that there are four of them makes all the difference. One cooperating defendant might stretch things to fit the government narrative, but the likelihood that *four* or them would make up the same exact story—that Salinas is the regional enforcer of the Latin King Nation—seems remote. As a result, the second factor—the weight of the evidence against the defendant—also weighs strongly in favor of detention.

The third factor is Salinas's character, physical and mental condition, family ties, employment situation, financial resources, length of residence in the community, community ties, and criminal history. 18 U.S.C. § 3142(g)(3). To his credit, Salinas appears to be a hard worker and has strong family ties. His fiancee testified at the original detention hearing that he works two jobs to help support their three daughters. On the other hand, he has a lengthy criminal history—a panoply of arrests spanning fifteen years, including for retail theft, aggravated assault, reckless conduct, and drug possession. It's a somewhat closer call, but I believe the third factor weighs in favor of detention.

The fourth factor is the nature and seriousness of the danger to any person or the community posed by his release. 18 U.S.C. § 3142(g)(4). Salinas admits that he has an ongoing affiliation with the Latin Kings, which has a long history of retaliatory and other violence, including murder. This factor weighs in favor of detention.

I have examined the factors in 18 U.S.C. § 3142(g) and find by clear and

convincing evidence that no condition or combination of conditions would reasonably ensure the safety of the community. Accordingly, Salinas's Motion for Reconsideration of Detention Order (DE 356) is **DENIED.**

    **SO ORDERED.**

    ENTERED: September 12, 2016.

                                 s/ Philip P. Simon  
                                CHIEF JUDGE  
                                UNITED STATES DISTRICT COURT